Voto particular disidente emitido por la
Jueza Asociada Señora Fiol Matta.
Los votos emitidos por los Jueces y las Juezas de este Tribunal coinciden en reconocer que la jurisdicción es la autoridad para considerar controversias mientras que la competencia es la forma en que se canaliza el ejercicio de la jurisdicción dentro de nuestro sistema de tribunales. Correctamente expresan también que la Legislatura tiene la *685 potestad de determinar la competencia de los tribunales, pero no puede impedir que el Tribunal Supremo sea el juzgador en última instancia de todos los casos judiciales.(1)
Sin embargo, al interpretar esos puntos en relación con la Ley Núm. 18-2013, la Resolución del Tribunal y algunos votos particulares confunden los conceptos.(2) Contrario a lo que afirma la Resolución, la Ley Núm. 18-2013 no trastoca el esquema constitucional porque la Legislatura hizo precisamente lo que tiene permitido hacer: canalizó el ejercicio de la jurisdicción. Ejerciendo el poder que la Constitución le delegó, la Legislatura determinó la competencia de los foros de instancia y apelativos, para que sea el Tribunal de Primera Instancia el que considere el caso en primera instancia, sin privar al Tribunal Supremo de poder revisar la determinación del foro inferior en última instancia al tiempo que permite omitir la intervención del foro apelativo intermedio para proveer una solución final más pronta.(3)
Es cierto que en caso de gran urgencia los tribunales tienen que actuar de manera rápida y eficaz para que las controversias no se tornen académicas, pero esa tarea le toca al tribunal que tenga autoridad para ver el caso. La necesidad de urgencia, de por sí, no es suficiente para con-ceder al foro de última instancia la autoridad para ver un caso en primera instancia. En los recursos ante nuestra consideración corresponde al Tribunal de Primera Instancia evaluar la controversia y proveer remedios interdicta *686 les, si proceden, para evitar un daño irreparable.(4) Después de que el foro de instancia haga sus determinaciones en el caso, las partes podrán utilizar el recurso de certificación para solicitar revisión al Tribunal Supremo.
La decisión de una mayoría de este Tribunal de declarar inconstitucionales los Artículos 1 y 2 de la Ley 18, es, en primer lugar, innecesaria, pues, de todos modos, se deniegan las peticiones y se devuelven los casos al Tribunal de Primera Instancia, el foro competente según la Ley Núm. 18-2013. Así, la decisión ignora las normas de autolimitación judicial que recomiendan abstenerse de juzgar sobre la constitucionalidad de una ley cuando existen otros medios para resolver el caso y cuando la situación presentada no es la más adecuada para hacer el análisis constitucional, doctrina que se ha puesto en práctica consecuentemente en nuestra jurisdicción desde 1958.(5) En segundo lugar, declarar la inconstitucionalidad de dichas disposiciones, a base de que no le permiten al Tribunal Supremo decidir controversias urgentes en primera instancia mediante el recurso de certificación intrajurisdiccional, como expliqué anteriormente, es una determinación profundamente errada. La Ley Núm. 18-2013 altera la competencia del Tribunal Supremo y la Asamblea Legislativa tiene la potestad para así hacerlo. Además, las disposiciones que la Resolución declara inconstitucionales establecen normas procesales para otros recursos, además de los de certificación intrajurisdiccional, que no están en controversia. Asimismo, muchos de los fundamentos que aparecen en la Resolución aluden a teorías especulativas en vez de a la intención legislativa de la Ley Núm. 18-2013. Al citar las expresiones del presidente del Senado en su presentación *687 del proyecto de ley en la Asamblea Legislativa y exponer que estas son la fuente de “los verdaderos propósitos” de la medida presentada en febrero de 2013, una mayoría de este Tribunal se enfoca en analizar las motivaciones políticas de los legisladores, algo muy distinto al análisis jurídico del texto y la intención de la ley.(6) Por eso disiento del análisis y las expresiones al respecto contenidas en la Resolución del Tribunal.(7)
Por otro lado y no obstante mi conformidad con declarar “sin lugar” en esta etapa de los procedimientos los tres recursos de certificación, entiendo que los empleados y las empleadas presentan urna controversia de gran interés público que merece consideración seria, pero expedita. El Tribunal de Primera Instancia tiene la potestad de tomar medidas para agilizar el manejo del caso y sancionar a las partes que obstaculicen un trámite acelerado. Además, nada impide que este Tribunal ordene al foro de instancia resolver los recursos en el menor tiempo posible.
Por todo lo anterior, estoy conforme con declarar “sin lugar” los recursos de certificación consolidados en esta etapa de los procedimientos porque la Ley Núm. 18-2013, vigente desde el pasado 15 de mayo, determina que el foro competente para atender los casos es el Tribunal de Pri *688 mera Instancia(8) y siempre he favorecido que el Tribunal Supremo, como foro apelativo, cuente con un expediente completo procedente del foro de instancia antes de intervenir en un caso.(9)

 Resolución del Tribunal, págs. 611-615; Voto particular disidente del Juez Presidente Señor Hernández Denton, págs. 674-677; Voto particular disidente de la Juez Asociada Señora Rodríguez Rodríguez, págs. 694—705; Voto particular de conformidad del Juez Asociado Señor Rivera García, págs. 636-637; Voto particular del Juez Asociado Señor Estrella Martínez, págs. 651-655 y 658-659.

 Véanse los votos de los Jueces Asociados Rivera García y Estrella Martínez.

 Limitar la intervención del Tribunal de Apelaciones es razonable porque ese tribunal tiene, a grandes rasgos y respecto a los casos, la misma función revisora del Tribunal Supremo. Esto es muy diferente a limitar la intervención del Tribunal de Primera Instancia, que tiene la función distinta y esencial de recibir la prueba y hacer determinaciones de hechos, algo que los dos foros apelativos —el Tribunal Supremo y el Tribunal de Apelaciones— no pueden hacer.

 Irónicamente, la intervención de este Tribunal en este momento ha tenido el efecto contrario al que se persigue, pues ha retrasado la evaluación de las solicitudes de remedios expeditos por el foro de instancia. En caso de que el Tribunal de Primera Instancia no conceda un remedio provisional que las partes consideren necesario, estas podrán pedir revisión urgente al Tribunal de Apelaciones y luego al Tribunal Supremo mediante certiorari. Reglas 52.1 y 52.2(b) de Procedimiento Civil, 32 LPRA Ap. V.

 E.L.A. v. Aguayo, 80 DPR 552, 595-600 (1958).

 Resolución, págs. 608-609. La mayoría de este Tribunal debió haberse abstenido de este tipo de análisis político y debió haber denegado atender las certificaciones desde el primer momento, permitiendo así más tiempo al foro primario competente para evaluar los planteamientos de las partes, evitando el resultado desacertado de declarar inconstitucional una ley a través de una Resolución en la que no se expiden los recursos presentados ni se atienden las controversias medulares de los casos.

 Me uno al Voto particular disidente del Juez Presidente Señor Hernández Denton, que analiza con más detalle las razones por las cuales la declaración de inconstitucionalidad de la Resolución es equivocada. Sobre los puntos de ese voto, destaco la distinción entre este caso y el de Colón Cortés v. Pesquera, 150 DPR 724, 754-765 (2000). En Colón Cortés, pautamos que una ley no puede aprobarse para afectar el resultado de un pleito particular, no que cualquier ley que pueda afectar un caso futuro puede declararse inválida por infringir el principio de separación de poderes. En ese sentido, las expresiones legislativas que sirven para auscultar el propósito de un proyecto de ley son las que se refieren al efecto que se busca que la ley tenga en un caso particular, no a las ideas políticas que se consideraron al legislar. Véase también el acertado análisis sobre la distinción entre estos casos en el Voto particular disidente de la Juez Asociada Señor Rodríguez Rodríguez, págs. 705-712.

 Arts. 1 y 2, Ley Núm. 18-2013, que enmiendan los Artículos 3.002(e) y (f) de la Ley de la Judicatura de 2003 sobre la competencia del Tribunal Supremo y la Regla 52.2(d) de Procedimiento Civil, 32 LPRA Ap. V, sobre la presentación de recursos de certificación ante el Tribunal Supremo.

 Véase, por ejemplo, Domínguez Castro et al. v. E.L.A. I, 178 DPR 1, 112-123 (2010), opinión disidente de la Jueza Asociada Señora Fiol Matta.